IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MILAS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-3322 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL OVERMEYER, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                         August 11, 2016

In April 2010, a jury convicted the *pro se* petitioner, James Milas, of multiple charges including first-degree murder, and the Honorable Jeffrey P. Minehart of the Court of Common Pleas of Philadelphia County sentenced him to life imprisonment.[1] *See* State Ct. R.  The petitioner challenged his convictions on direct appeal only to have the Pennsylvania appellate courts deny his appeals. *Id.*  The petitioner's attempts to obtain relief through Pennsylvania's Post Conviction Relief Act were also unsuccessful. *Id.*

After his failed efforts at obtaining relief in the state courts, the petitioner sought relief in federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a supporting memorandum of law on June 3, 2015.[2]  Doc. No. 1.  He also separately filed a motion to stay and abey this federal habeas corpus proceeding to permit him to exhaust his unexhausted claims in state court.  Doc. No. 2.  The motion to stay and abey also contained a request for the appointment of counsel. *Id.*

---

[1] Judge Minehart also sentenced the petitioner to a concurrent sentence of a minimum of two-and-one-half years to a maximum of five years' imprisonment on his other charges.  *See* State Ct. R.

[2] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  The petitioner attached to the petition a certification indicating that he placed the petition in the prison mailing system on June 3, 2016.  Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 25, Doc. No. 1.

On June 25, 2015, this court referred this matter to United States Magistrate Judge Marilyn Heffley for a report and recommendation. Doc. No. 3. The respondents, Michael Overmeyer, the superintendent of the State Correctional Institution at Forest, the District Attorney of the County of Philadelphia, and the Attorney General of the Commonwealth of Pennsylvania, moved for and received four extensions of time to file a response to the habeas petition. Doc. Nos. 5, 6, 8, 9, 10, 11, 13, 14.[3] On December 24, 2015, the respondents filed their response to the habeas petition. Doc. No. 15.

Magistrate Judge Heffley issued a report and recommendation on May 27, 2016, recommending that the court dismiss the petition for a writ of habeas corpus, deny the motion to stay and abey, deny the request for the appointment of counsel, deny the request for an evidentiary hearing, and decline to issue a certificate of appealability. Doc. No. 17. The petitioner filed timely objections to the report and recommendation on June 7, 2016.[4] Doc. No. 21.

With regard to this court's review of the report and recommendation, the court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). If a report and recommendation is unaccompanied by objections,

---

[3] After the third extension, the petitioner sent a letter indicating that he objected to the court granting any further requests for extensions of time. Doc. No. 12.

[4] The petitioner had 14 days, *i.e.* until June 10, 2016, to timely file objections. The certification attached to the petitioner's objections suggests that he placed the objections in the hands of prison officials on June 7, 2016. Doc. No. 21 at ECF p. 19. In addition, the envelope containing the objections has a postmarked date of June 9, 2016. *Id.* at ECF p. 20.

the district court "need only review the record for plain error or manifest injustice." *Pereira v. Wingard*, No. 5:14-CV-6582, 2015 WL 4404920, at *1 (E.D. Pa. July 15, 2015) (internal quotation marks and citations omitted). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, the petitioner has objected to all of Magistrate Judge Heffley's recommendations, at least as they relate to the claims included in his habeas petition. *See* Objection[s] to the Finding[s] of the Magistrate Judge ("Objs.") at 9-17, Doc. No. 21. The court will therefore review these claims *de novo*. It does not appear that the petitioner has objected to Magistrate Judge Heffley's recommendations relating to his request for the appointment of counsel, his motion to stay or abey these proceedings, his request for an evidentiary hearing, or whether the court should issue a certificate of appealability if the court denies the petition. The court will therefore review these recommendations for plain error or manifest injustice. As explained in more detail below, the court does not find that the objections undercut the well-reasoned recommendations and conclusions by Magistrate Judge Heffley. In addition, the court finds no error or manifest injustice in Judge Heffley's other recommendations.

The petitioner's first objection relates to Magistrate Judge Heffley's recommendation that the court deny his fourth claim in his petition that his trial counsel was ineffective for failing to request that the trial court instruct the jury that evidence about him possessing drugs at the time police sought to arrest him (which he introduced through his own testimony at trial) could not be used as evidence showing he committed the charged offenses. Objs. at 9-11. In denying this claim as part of the petitioner's PCRA, the PCRA court noted that the petitioner introduced evidence of his drug possession as exculpatory evidence and to explain why he fled from the residence when the police entered it. *See* State Ct. R., *Commonwealth v. Milas*, No. CP-51-CR-

3

942-2009 at 6-7 (C.P. Philadelphia Jan. 27, 2014).[5]  The PCRA court also pointed out that defense counsel "emphasized" this evidence during his closing argument and, as such, the PCRA court concluded that a limiting instruction would have undermined the petitioner's defense.  *Id.* at 6.  Additionally, even if counsel's conduct in failing to request a limiting instruction fell below the objective standard of reasonableness the PCRA court determined that the petitioner could not have shown prejudice because such an instruction would not have affected the outcome of the trial due to the overwhelming evidence of his guilt.  *Id.*  On appeal, the Superior Court agreed with the trial court and rejected this ineffective assistance of counsel claim.  State Ct. R., *Commonwealth v. Milas*, No. 10 EDA 2014 at 4 (Pa. Super. Oct. 14, 2014).[6]

In the report and recommendation, Magistrate Judge Heffley thoroughly analyzed this issue and this court agrees with her reasoning and conclusion that the state courts did not unreasonably apply the standard for ineffectiveness set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) in determining that trial counsel's decision not to request a limiting instruction from the trial court did not fall below the objective standard of reasonableness and that the petitioner otherwise failed to satisfy *Strickland*'s prejudice requirement.  Therefore, the court overrules this first objection.

For his second objection, the petitioner objects to Magistrate Judge Heffley's recommendation that the court deny the first three claims in his habeas petition relating to the prosecutor's closing argument to the jury that his silence at the time of the petitioner's arrest was evidence of guilt.[7]  Objs. at 12-14.  On direct appeal, the Superior Court determined that the trial

---

[5] This opinion is also attached to the respondents' response at Exhibit B.
[6] This opinion is also attached to the respondents' response at Exhibit C.
[7] The petitioner claimed that (1) the trial court erred in overruling defense counsel's objection to the prosecutor's statement, and (2) his post-trial, appellate, and PCRA counsel were ineffective for not raising this claim and instead filing a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).  *See* Mem. of Law in Supp. of Pet. for Habeas Corpus Under [28 U.S.C. 2254] ("Pet.'s Mem.") at 10-19, Doc. No. 1-1.  Although the petitioner purports to assert three claims in his habeas petition relating

4

court correctly concluded that the petitioner "did not suffer from prosecutorial misconduct" because "the prosecutor was justified in pointing to [the petitioner's] flight as indicative of guilt." *Commonwealth v. Milas*, No. 2454 EDA 2010 at 7 (Pa. Super. July 12, 2011) (citation omitted).[8] The Superior Court also pointed out that the prosecutor explained to the jury that they "'can't find [the petitioner] guilty because he fled from the police, nor should you. That would be unfair. There has to be more.'" *Id.* (quoting Notes of Testimony from April 15, 2010, at 133-34).

As part of the PCRA proceedings, the PCRA court rejected the petitioner's rehashed claims that it erred by overruling defense counsel's objection to the prosecutor's statement and that there was prosecutorial misconduct. *See Commonwealth v. Milas*, No. CP-51-CR-942-2009 at 5-6 (C.P. Philadelphia Jan. 27, 2014). The PCRA court also rejected the petitioner's ineffective assistance of post-trial and appellate counsel claims because (1) appellate counsel raised the prosecutorial misconduct and trial court error claims on direct appeal, and (2) even if appellate counsel had failed to raise it, the petitioner was not entitled to relief because he failed to establish prejudice under *Strickland*. *Id.* at 6. The Superior Court concluded that the trial court properly resolved these claims. *Commonwealth v. Milas*, No. 10 EDA 2014 at 4 (Pa. Super. Oct. 14, 2014).

Magistrate Judge Heffley analyzed the petitioner's claims of trial court error, prosecutorial misconduct, and ineffectiveness of counsel and determined that (1) the petitioner mischaracterized the prosecutor's statement because "the prosecutor did not argue that [the petitioner's] silence in response to police questioning was evidence of guilt in violation of his Fifth Amendment right against self-incrimination[; i]nstead, he argued that [the petitioner's]

---

to the prosecutor's statement during closing argument, the substance of the second and third claims essentially repeat the plaintiff's first claim and contain the same general arguments. *See id.*
[8] This opinion is attached to the respondents' response at Exhibit A.

flight from police was evidence of a guilty conscience, which was evidence of guilt[,]" (2) the trial court did not err in overruling defense counsel's objection to the prosecutor's statement, (3) direct appeal counsel raised arguments about trial court error and prosecutorial misconduct on direct appeal and the Superior Court rejected them, (4) post-conviction counsel were not ineffective for failing to raise a meritless argument, and (5) even if the prosecutor's remarks were improper, they did not have any material effect on the jury's ability to fairly judge the evidence and did not otherwise "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." R. & R. at 7-9 (citations and internal quotation marks omitted).

The petitioner's objections to this portion of the report and recommendation constitute a mere disagreement with Magistrate Judge Heffley's determinations and do not support a finding that she erred in concluding that the trial court did not err in overruling defense counsel's objection to the prosecutor's statement, that there was prosecutorial misconduct, or that post-trial or appellate counsel were ineffective in some manner with respect to this issue. With respect to any claim that PCRA counsel was ineffective in presenting the aforementioned claims, the petitioner cannot raise such a claim as part of this habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or competence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). As the petitioner's claims are meritless or improper, the court overrules his second objection. Even if the petitioner could raise such a claim, the claim is meritless because the issue was raised on direct appeal and rejected.

For his third objection, the petitioner objects to Magistrate Judge's Heffley's recommendation that the court deny his sixth claim in his habeas petition, namely that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) "by failing to disclose to him that a

6

police officer who testified at trial, Officer Venziale, was under investigation or under indictment by federal authorities for corruption." R. & R. at 11; Objs. at 14-16. In the report and recommendation, Magistrate Judge Heffley pointed out that the PCRA court and appellate court rejected his *Brady* claim and she agreed with the bases for rejecting the claim. R. & R. at 11-12. As such, Magistrate Judge Heffley concluded that (1) the petitioner could not satisfy "his burden to show that the Commonwealth suppressed evidence or that the allegedly suppressed evidence was material to his defense[,]" and (2) the decisions by the Pennsylvania state courts were (a) "neither contrary to nor an unreasonable application of clearly established federal law[,]" or (b) "based on an unreasonable determination of the facts." *Id.* at 12.

The petitioner's objection to Magistrate Judge Heffley's recommendation is largely conclusory in nature with no substantive argument as to how she erred in reaching her determination. Instead, the objection once again is a mere disagreement with the determination and recommendation and does not warrant relief. The court agrees with the magistrate judge's reasoning that the petitioner is not entitled to habeas relief on his *Brady* claim and will overrule his objection.

Regarding the petitioner's final objection, he objects to Magistrate Judge Heffley's recommendation that the court deny his fifth claim in his habeas petition, which requested habeas relief because the trial court improperly denied him his counsel of choice at trial. Objs. at 16-17; Pet.'s Mem. at 24-27. Magistrate Judge Heffley determined that the petitioner's Sixth Amendment claim was procedurally defaulted insofar as the petitioner failed to raise the claim on direct appeal and the PCRA court declined to address the claim (under 42 Pa. C.S. § 9544(b)). R. & R. at 13. The magistrate judge also concluded that he could not establish any grounds for overcoming the procedural default. *Id.* at 13 n.3.

7

In addition to finding procedural default, Magistrate Judge Heffley concluded that the claim was meritless. *Id.* at 13-15. The magistrate judge determined that the petitioner did not establish a Sixth Amendment violation to be entitled to relief because (1) the petitioner mentioned the possibility of obtaining new counsel immediately before the start of trial (and after the empaneling of the jury), (2) the trial court inquired as to the reasons for the petitioner's request and found the reasons to be meritless, (3) the trial court's decision "was not arbitrary, but was an entirely reasonable evaluation of the circumstances."[9] *Id.* at 15.

The petitioner has neither demonstrated that his Sixth Amendment claim has any merit nor established any grounds to overcome the procedural default of this claim. Therefore, the court agrees with the magistrate judge's recommendation to deny relief based upon the fifth claim in his habeas petition and the court will overrule the petitioner's fourth objection.

Although the court has now addressed the petitioner's objections to the report and recommendation, the court must still address the magistrate judge's recommendations that (1) the court deny the request for the appointment of counsel, (2) the court deny the request for an evidentiary hearing, (3) the court deny the motion to stay and abey these proceedings, and (4) the court not issue a certificate of appealability. With respect to the first two recommendations, Magistrate Judge Heffley did not commit plain error and there is no manifest injustice in denying these requests. As the magistrate judge explains, the petitioner's claims are meritless and do not warrant the appointment of counsel or the holding of an evidentiary hearing. *See* R. & R. at 16 n.4. As for the third recommendation, Magistrate Judge Heffley properly concluded that there is no basis to stay and abey this case because the petitioner's claims are plainly meritless. *Id.*

---

[9] The PCRA court also determined that even if the petitioner did not waive this issue, it lacked merit. *See Commonwealth v. Milas*, No. CP-51-CR-942-2009 at 7-8 (C.P. Philadelphia Jan. 27, 2014). On appeal, the Superior Court affirmed the PCRA court, but only referenced the PCRA court's conclusion that the petitioner had waived the claim. *Commonwealth v. Milas*, No. 10 EDA 2014 at 4 (Pa. Super. Oct. 14, 2014).

Finally, the court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In conclusion, the court will overrule the petitioner's objections to the report and recommendation because the court agrees with the magistrate judge that the claims raised in the section 2254 habeas petition are meritless or procedurally defaulted. The court also agrees with the magistrate judge's recommendation that the court deny the petition. Additionally, the court will deny the petitioner's requests for an evidentiary hearing and for the appointment of counsel. The court will also deny the petitioner's motion to stay and abey these proceedings. Finally, the court declines to issue a certificate of appealability.

A separate order follows.

                                          BY THE COURT:

                                          /s/ *Edward G. Smith*
                                          EDWARD G. SMITH, J.