IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MILAS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-3322 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL OVERMEYER, SCI-Forest Superintendent; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                  September 28, 2020

The *pro se* prisoner, who is in state custody serving a life sentence for first-degree murder and related firearms offenses, has filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The movant seeks to reopen the judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because the court deems this motion to be an unauthorized second or successive habeas petition over which this court lacks jurisdiction, the court will dismiss the motion.

### I.     PROCEDURAL HISTORY[1]

In April 2010, a jury convicted the *pro se* movant, James Milas ("Milas"), of multiple charges, including first-degree murder, and the Honorable Jeffrey P. Minehart of the Court of

---

[1] In her May 27, 2016 report and recommendation, United States Magistrate Judge Marilyn Heffley set forth the procedural history and factual background of the underlying state court criminal matter. *See* R. & R. at 1–2, Doc. No. 17. The court incorporates that factual background and history into this opinion and only references the information necessary to place the instant motion in context.

Common Pleas of Philadelphia County sentenced him to life imprisonment.[2] Aug. 11, 2016 Mem. Op. at 1, Doc. No. 22 (citing State Ct. Record); Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 1, Doc. No. 1. Milas challenged his convictions on direct appeal only to have the Pennsylvania appellate courts deny his appeals. *Id.* (citing State Ct. Record). Milas's attempts to obtain relief through Pennsylvania's Post Conviction Relief Act were also unsuccessful. *Id.* (citing State Ct. Record).

After his failed efforts at obtaining relief in the state courts, Milas sought relief in federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a supporting memorandum of law on June 3, 2015.[3] Doc. No. 1. He also separately filed a motion to stay and abey this federal habeas corpus proceeding to permit him to exhaust his unexhausted claims in state court. Doc. No. 2. The motion to stay and abey also contained a request for the appointment of counsel. *Id.*

On June 25, 2015, this court referred this matter to United States Magistrate Judge Marilyn Heffley for a report and recommendation. Doc. No. 3. After receiving multiple extensions of time, the respondents filed their response to the habeas petition on December 24, 2015. Doc. Nos. 5, 6, 8–11, 13–15.

---

[2] The Superior Court of Pennsylvania described the facts underlying Milas's convictions as follows:

> This case stems from an incident on June 10, 2008. [Milas's] sister, as well as his eventual victim, were engaged in an argument. [Milas's] sister left angrily and informed the victim that she would be going to get [Milas], her 25-year-old brother. Shortly thereafter, [Milas] appeared with a firearm. The victim suggested that [Milas] put down his gun and engage him in fisticuffs. Instead, [Milas] fired his weapon several times, shot the victim in the back, and left. Several eyewitnesses observed the shooting. When police arrived at [Milas's] girlfriend's residence later that evening[,] [Milas] fled, running up the stairs of the home and descending form a second-story window. He then fled to his mother's house, where he was apprehended while attempting to gain admittance.

*Commonwealth v. Milas*, No. 10 EDA 2014, 2014 WL 10790108, at *1 (Pa. Super. Oct. 14, 2014) (quoting *Commonwealth v. Milas*, 32 A.3d 266, 254 EDA 2010 (Pa. Super. July 12, 2011)).

[3] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Milas attached to the petition a certification indicating that he placed the petition in the prison mailing system on June 3, 2016. Pet. at ECF p. 25.

Magistrate Judge Heffley issued a report and recommendation on May 27, 2016. Doc. No. 21. In the report, Judge Heffley described Milas's claims as follows:

> (1) the trial court failed to grant him a new trial after the prosecution urged the jury to find him guilty based on his refusal to answer police officers' questions when they came to arrest him; (2) the trial court abused its discretion when it denied Milas's trial counsel's objection to the prosecutor's reference to Milas's silence at the time of arrest; (3) post-trial and PCRA counsel were ineffective in failing to raise a claim based on the prosecutor's alleged misconduct in urging the jury to find guilt based on Milas's silence at the time of his arrest; (4) trial counsel was ineffective in failing to request that the jury be instructed that other crimes evidence was not admissible to prove he committed the crimes for which he was on trial; (5) the prosecution failed to disclose that a police witness was under federal investigation or indictment for corruption; and (6) the trial court denied Milas's right to counsel of his choice.

R. & R. at 2–3.

Judge Heffley found that claims 1 through 5 were without merit. *Id.* at 7–12. She found claim 6 to be procedurally defaulted and substantively meritless. *Id.* at 12–15. She recommended that this court dismiss and deny the habeas petition in its entirety. *Id.* at 15–16. She also recommended that this court not issue a certificate of appealability and deny Milas's motion to stay and abey. *Id.* at 16 & n.4.

Milas filed timely objections to the report and recommendation on June 7, 2016.[4] Doc. No. 21. This court entered a memorandum opinion on August 11, 2016, and a separately filed order on August 12, 2016,[5] which, *inter alia*, overruled Milas's objections, adopted the report and recommendation, denied the motion to stay and abey, denied the request for appointment of counsel, denied the petition for a writ of habeas corpus, and declined to issue a certificate of

---

[4] In light of Rules 5(b)(2)(C) and 6(d) of the Federal Rules of Civil Procedure, Milas had 17 days, *i.e.* until June 13, 2016, to timely file objections to the report and recommendation. The certification attached to Milas's objections suggested that he placed the objections in the hands of prison officials on June 7, 2016. *See* Doc. No. 21 at ECF p. 19. In addition, the envelope containing the objections has a postmarked date of June 9, 2016. *Id.* at ECF p. 20. As such, the court considered the objections to have been timely filed.

[5] For reasons unknown, the clerk of court did not enter the memorandum opinion and order on the docket on the same date.

appealability. Doc. Nos. 22, 23. Although Milas filed a notice of appeal, the Third Circuit Court of Appeals declined to issue a certificate of appealability. Doc. Nos. 24, 25.

Milas filed the instant "Application for Relief, to Re-Open Judgment, Pursuant to F.R.Civ.P. 60(b)(6)" on October 20, 2019.[6] Doc. No. 7. As evidenced by the title of the motion, Milas is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. He reasserts his right to habeas relief based on the ineffective assistance of all his prior counsel. Appl. for Relief, to Re-Open J., Pursuant to F.R.Civ.P. 60(b)(6) ("Mot.") at 4–6, Doc. No. 27. He also claims that the United States Supreme Court's decision in *Martinez v. Ryan*, 556 U.S. 1 (2012) permits review of his previously defaulted claims, notwithstanding the fact that all his prior claims were considered and rejected on the merits. *See id.* at 7–9. He further asserts his right to an evidentiary hearing on the issues raised in his prior habeas petition. *See id.* at 10–12. Additionally, he advances a completely new claim, that his trial counsel was ineffective for failing to advise him to consider the Commonwealth's offer of a plea bargain. *Id.* at 19–21.

Although the respondents have not filed a response to this motion, it is ripe for disposition.

## II. DISCUSSION

As indicated above, Milas is seeking relief from this court's August 12, 2016 order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
>   **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[6] Although the clerk of court did not docket this document until November 12, 2019, it appears that Milas submitted the document for mailing on October 20, 2019. *See* Doc. No. 27 at ECF p. 45.

4

    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)** the judgment is void;

    **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c), in turn, provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of the order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

    Because this is a federal habeas action, the court must evaluate whether the instant Rule 60(b) motion is actually an unauthorized second or successive habeas petition. AEDPA mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application [for a writ of habeas corpus] is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) (interpreting motion to recall mandate and reinstate direct appeals as successive habeas motion); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam)

(addressing requests for authorization to file successive habeas petition under section 2254 to raise claims under *Miller v. Alabama*, 567 U.S. 460 (2012)). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals have divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *See Sutton v. Commonwealth*, Civ. A. No. 17-109 Erie, 2018 WL 4599825, at *2 (W.D. Pa. Sept. 25, 2018) (explaining that "the Petitioner could not avoid AEDPA's second or successive gatekeeping mechanism[,] by simply designating a filing as a Rule 60(b) motion" (internal quotation marks and citations omitted)); Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2020) (explaining that "a [habeas] petitioner is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is" (citation omitted)).

The starting point for analyzing whether the instant motion is actually a second or successive habeas petition is *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court addressed the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, consequently, unavailable to a state prisoner seeking habeas relief.[7] 545 U.S. at 526 (addressing "whether, in a [section 2254] habeas

---

[7] Rule 60(b), like the rest of the Federal Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted; alteration in original) (quoting now-Rule 12 of the Rules Governing Section 2254 Cases).

case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under [AEDPA], codified at 28 U.S.C. § 2244(b)"). The Court explained that federal courts must construe a Rule 60(b) motion as a "second or successive habeas corpus application" when it advances "one or more 'claims.'" *Id.* at 531–32 (quoting 28 U.S.C. § 2244(b)(1), (2)). The Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* at 532. In addition, the Court instructed that a petitioner is actually advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion seeking to present newly discovered evidence in support of a claim that the court previously denied represents a habeas claim. *Id.* In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532, n.4.

      Here, because a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) motion, the threshold question before the court is whether Milas's Rule 60(b) motion is a true Rule 60(b) motion or, in reality, an unauthorized successive habeas petition. The answer to this question is clear. Milas both attacks on the merits the resolution of his previous habeas petition and advances a new claim for relief. This renders his Rule 60(b) motion a second or successive habeas petition under *Gonzalez*.

Moreover, his invocation of *Martinez*, presumably in an effort to suggest that a procedural defect marred the resolution of his prior petition is to no avail because the court considered and rejected his prior petition on the merits. Therefore, the court must construe Milas's motion as an unauthorized second or successive habeas petition to the extent that he is challenging his judgment of sentence in it. Because Milas has not received authorization from the Court of Appeals to file another habeas petition to attack that judgment of sentence, this court lacks jurisdiction to consider those claims.

If "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139; *see* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."). When determining whether to transfer a habeas action to the court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).

As this court has concluded that the instant motion is actually an unauthorized second or successive habeas petition, the only other question is whether to dismiss the petition or to transfer it to the Third Circuit. This question requires the court to examine whether Milas has alleged sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision. *See Lee*, 2017 WL 3167410, at *3. The habeas statute provides that a district court must dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, none of Milas's claims satisfy the gatekeeping requirement of section 2244(b)(2). Thus, while this court expresses no opinion about the merits of Milas's claims, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require- and the District Court did not express—any opinion on the merits of the claims."), the court finds that the interest of justice does not warrant transferring this matter to the Third Circuit. Accordingly, the court will dismiss this matter without prejudice for lack of subject-matter jurisdiction.

### III.   CONCLUSION

As the instant Rule 60(b) motion raises a new claim and attacks the prior resolution of Milas's habeas claims on the merits, it is not a true Rule 60(b) motion and is in fact a second or

9

successive habeas petition. This court lacks jurisdiction to consider the claims raised in this motion because Milas failed to first obtain authorization from the Court of Appeals to file it. Accordingly, the court will dismiss the motion for lack of jurisdiction and will not transfer it to the Third Circuit. The court also does not find probable cause to issue a certificate of appealability.[8]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] The court will also not issue a certificate of appealability because Milas has neither made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor "demonstrate[d] that reasonable jurists would find [this court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).